UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| DAPHNE LOWRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 2:13-CV-159 |
| NATIONWIDE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| AMY VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:13-CV-160 |
| | ) | |
| NATIONWIDE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

These consolidated civil actions are before the court on "Defendant's Motion for Involuntary Dismissal with Prejudice" [doc. 24]. Once again, plaintiffs have failed to respond to a filing by defendant, and the time allowed for a response has passed. *See* E.D. Tenn. L.R. 7.1(a); Fed. R. Civ. P. 6(d), 5(b)(2)(E). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." As recently noted by the court [doc. 23], plaintiffs have repeatedly failed to respond to orders of the court and filings by the defendant. *See* docs. 6, 14, 17, 18, 19. Plaintiffs' failure to respond includes allowing requests for admission to be deemed admitted because they did not file

responses [doc. 19] and by having the court exclude any expert testimony at trial because they did not provide Rule 26(a)(2) expert disclosures as required by the court's scheduling order [doc. 23].

Defendant seeks dismissal of these cases pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) permits a district court to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal acts as an adjudication on the merits. *Id.* "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks and citation omitted). A district court is given "substantial discretion" when determining whether to dismiss a case pursuant to Rule 41(b). *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363).

In the context of a Rule 41(b) dismissal, the court should consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citation omitted). The party seeking to avoid dismissal "has the burden of showing that his failure to comply was due

2

Case 2:13-cv-00160-RLJ   Document 30   Filed 08/14/14   Page 2 of 4   PageID #: 281

to inability, not willfulness or bad faith." *Bryant v. U.S. ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 210 (6th Cir. 2006) (quoting *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

In the court's opinion, after considering the relevant factors and the record in these cases, both complaints should be dismissed with prejudice for plaintiffs' failure to prosecute the cases and to comply with this court's orders. Initially, the court can only conclude that failing to cooperate in discovery, allowing requests for admissions to be deemed admitted, and not complying with expert disclosure requirements is willful conduct by the plaintiffs. Plaintiffs' failure to respond to orders of the court and filings by the defendant certainly appear to be willful conduct as well. As to the second factor, defendant has been prejudiced from the standpoint that it has had to file additional motions to obtain discovery and to pursue defense of the case. Regarding the third factor, while plaintiffs have not been warned that dismissal was a possibility, they are certainly on notice of the possibility because of defendant's motion for involuntary dismissal that is before the court. Thus, plaintiffs are aware that dismissal is before the court and could result should the motion be granted. However, plaintiffs again failed to respond to the motion. With regard to the last factor concerning less drastic sanctions, the plaintiffs in effect have already been sanctioned. In granting the motion to compel, the magistrate judge ruled that the court would not entertain any objection by plaintiffs to any of defendant's discovery requests [doc. 18]. Defendant's requests for admission were deemed admitted because of plaintiffs' failure to respond to them [doc. 19], and the court granted defendant's motion in limine to preclude plaintiffs from presenting at trial any

3

expert testimony concerning the cause of their loss and cost of repair because of their failure to comply with Rule 26 and the court's scheduling order [doc. 23]. Dismissal now is an appropriate sanction, and defendant's motion will be granted.

Accordingly, for the reasons discussed herein, "Defendant's Motion for Involuntary Dismissal with Prejudice" [doc. 24] is **GRANTED**. Both of the above-captioned cases are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge